Mack G. **KUYKENDALL**, Appellee,

v.

**SOUTHERN RAILWAY COMPANY,**
Appellant.

No. 80–1642.

United States Court of Appeals,
Fourth Circuit.

Argued April 9, 1981.

Decided July 7, 1981.

———

Roy McBee Smith, Spartanburg, for appellant.

Matthew A. Henderson, Spartanburg (Toney J. Lister, C. Tyrone Courtney, Spartanburg, on brief), for appellee.

Before HAYNSWORTH, Senior Circuit Judge, and PHILLIPS and ERVIN, Circuit Judges.

HAYNSWORTH, Senior Judge:

A jury composed of seven persons brought in a verdict for the plaintiff in this case under the Federal Employers Liability Act, 45 U.S.C.A. §§ 51, *et seq.* The defendant had objected to submission of the case to a jury of more than six persons, but its objection was overruled, as was its later motion for a new trial.

Before trial, the district judge directed that eight jurors be drawn from a list of sixteen veniremen. After each side struck four, the remaining eight were called and empanelled. There was no designation of alternate jurors. After closing arguments, the court announced out of the presence of the jury that the case would be submitted to the eight jurors, all of whom would participate in the deliberations. The defendant's objection was overruled, but before actual submission, however, one of the eight was excused for illness and the case was actually submitted to the remaining seven.

It is evident that the judge and each of the lawyers had a different notion about the composition of the jury. Clearly, the judge believed that, in his discretion, he could allow all of the jurors who remained in good health to participate in the deliberations so long as they numbered at least six. Defense counsel understood that there was to be a jury of six regular jurors and two alternates, the six to be drawn from the first twelve veniremen and the two alternates from the remaining four. The exercise of his peremptory strikes was consistent with this understanding; the first three were directed to persons among the first twelve on the list while the extra strike provided by Rule 47(b) of the Federal Rules of Civil Procedure was directed to one of the last four. Both sides refer to an early informal conversation with the judge in which there was a discussion of a possibility that the jury might be reduced from eight to six by allowing each side an additional strike following closing arguments. Discus-

sion of that novel procedure for the designation of alternate jurors, says defense counsel, reinforced his belief that in some manner two of the eight were to be designated as alternates and the case would be submitted to a jury of six. Plaintiff's counsel, on the other hand, understood from the outset that the case would be submitted to all eight jurors if all eight were healthy and in the box at the time of submission. His four peremptory challenges were all directed to persons among the first twelve on the list.

Innovations by imaginative trial judges may lead to useful procedural improvement, but adherence to established mandatory rules is necessary in the absence of a stipulation, where permitted, authorizing the departure. We said in *United States v. Virginia Erection Corp.*, 335 F.2d 868, 873 (4th Cir. 1964), that such departures are "most unwise." The established rules are not subject to amendment except in the rulemaking process.

Under Federal Rules of Civil Procedure 48, the parties may stipulate to a jury of less than twelve. A local rule of the district court adopted March 14, 1978, permits the presiding judge, in his discretion, to submit a civil case to a jury of six or twelve. The validity of the local rule is unquestioned here, but it does not authorize submission of a civil case to a jury of seven in the absence of a valid stipulation under Federal Rule of Civil Procedure 48.

This case illustrates the difficulties engendered when the composition of the jury is not determined until after the jury had been selected and, indeed, until the case is ready for submission. If there is to be departure from established procedures, misunderstandings by lawyers to the possible disadvantage of their clients can be avoided only if the departure is by a written stipulation or one clearly recorded.[1]

---

1. We do not intend to suggest that even a formal stipulation would authorize the procedure which was discussed informally sometime before the trial of reducing the jury from eight to six by allowing each side an additional strike after closing arguments. Permitting additional strikes after each side had an opportunity to observe the reaction of individual jurors to evidence and argument would seem subversive of the truth-seeking purpose of the jury process.

Since there was no stipulation, we must treat this jury as one of six regular jurors and two alternates. When one of the jurors was excused, there remained one alternate who was permitted to participate in the jury's deliberations in violation of the requirement of Rule 47(b) that alternate jurors be dismissed before the jury retires to consider its verdict.

We have adopted a per se rule of reversal in criminal cases where alternate jurors were allowed to retire with the jury. *See United States v. Chatman,* 584 F.2d 1358 (4th Cir. 1978); *United States v. Virginia Erection Co., supra.* Our rationale in those cases is equally applicable to civil actions.

The judgment of the district court is reversed and the case remanded for a new trial.

REVERSED AND REMANDED.