915 F.2d 1565
 31 Fed. R. Evid. Serv. 418
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
JAMES W. STEVENS, Plaintiff-Appellee,
v.
THE BALTIMORE & OHIO RAILROAD COMPANY, Defendant-Appellant.
 No. 89-2183
 UNITED STATES COURT OF APPEALS,
FOURTH CIRCUIT
 Argued: May 8, 1990
Decided: October 9, 1990
Rehearing and Rehearing In Banc Denied Nov. 6, 1990.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Richard L. Williams, District Judge. (CA-86-40-C)
 ARGUED: Paul Edward Parker, III, ROSE, PADDEN & PETTY, L.C., Fairmont, West Virginia, for Appellant.
 Richard Gene Hunegs, DEPARCQ, HUNEGS, STONE, KOENIG & REID, P.A., Minneapolis, Minnesota, for Appellee.
 ON BRIEF: Ralph E. Koenig, Michael L. Weiner, DEPARCQ, HUNEGS, STONE, KOENIG & REID, P.A., Minneapolis, Minnesota; Lawrence J. Lewis, VINSON, MEEK, LEWIS & PETTIT, L.C., Huntington, West Virginia, for Appellee.
 Before ERVIN, Chief Judge, RUSSELL, Circuit Judge, and BULLOCK, United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 This appeal concerns a FELA tort case where the plaintiff, James Stevens, won a $1 million verdict in a jury trial below. While Stevens was working for defendant B & O Railroad, he injured his head, elbow and back when he was struck by a crane. After recuperating from those injuries Stevens returned to work, until he reinjured his elbow while repairing a diesel engine. Stevens again returned to work for a short while, until he stopped working altogether, claiming permanent disability from these injuries. In this suit, Stevens sued B & O for his injuries and won.
 
 
 2
 Following the plaintiff's verdict, B & O moved for a new trial on several grounds. The district court denied the defendant's motion, and B & O appeals the denial of that motion to this court on two of those grounds. We affirm the denial of the defendant's motion and adopt the rationale of the district judge as set forth in his memorandum opinion. Stevens v. Baltimore & Ohio R.R. Co., CA-86-0040-C (N.D.W. Va. Aug. 29, 1989). Without retracing the footprints of the district judge, we will add a few comments.
 
 
 3
 First, B & O contends that the district judge committed reversible error by elevating two alternate jurors to the status of regular jurors immediately prior to deliberation. This increased the size of the jury from six to eight persons. The district judge had indicated at the beginning of the trial that this was his usual practice, and the appellant stated that it had no objection. At the end of the trial, the district judge followed through and indicated that he was elevating the alternates to the status of regular jurors. Again, the appellant stated that it had no objection. Now B & O argues that the elevation of these two jurors was per se error, requiring a new trial. We disagree. The appellant relies on a number of criminal cases for this proposition, yet criminal cases present entirely different concerns. In DeBenedetto v. Goodyear Tire & Rubber Co., 754 F.2d 512 (4th Cir. 1985), this court found that under Federal Rule of Civil Procedure 48, assent to a jury of other than six jurors can be given "by a written stipulation or one clearly recorded." Id. at 514, quoting Kuyendall v. Southern Ry. Co., 652 F.2d 391 (4th Cir. 1981). The oral consent given by the counsel for B & O was a sufficient stipulation.
 
 
 4
 Second, the appellant argues that the district judge improperly excluded a statement made by the plaintiff, by erroneously ruling that this statement was within the realm of statements made in settlement negotiations that may not be introduced later as evidence at trial. In the context of such negotiations, the plaintiff allegedly stated that "If it will help my case, I am going to have [back] surgery." Federal Rule of Evidence 408 prohibits the admission of statements made in settlement discussions that relate to the "liability for or invalidity of the claim or its amount." Appellant argues that it wanted to introduce this evidence for another purpose, to demonstrate that the plaintiff viewed his claim as fraudulent and that he had failed to mitigate his damages by not having back surgery earlier. As an initial matter, we fail to see how this phrase stands for the proposition asserted by B & O. Regardless, this statement clearly falls within the protection of Rule 408 for statements regarding the "liability for or invalidity of the claim or its amount." This protection is not lost simply because the statement could conceivably be twisted into fitting another evidentiary purpose.
 
 
 5
 Accordingly, the denial of the defendant's motion for a new trial is
 
 
 6
 AFFIRMED.