Francisco **CABRAL**, et al.,
Plaintiffs, Appellees,

v.

**William SULLIVAN, Defendant,**
**Appellant.**

Francisco **CABRAL**, et al.,
Plaintiffs, Appellants,

v.

**William SULLIVAN, et al.,**
**Defendants, Appellees.**

Nos. 91–1263, 91–1344.

United States Court of Appeals,
First Circuit.

Heard Dec. 6, 1991.

Decided April 17, 1992.

As Amended April 17, 1992.

---

George C. Deptula, with whom Karin A. Gregory and Berlin, Clarey, Deptula &

Levee, Boston, Mass., were on brief, for defendants.

Kevin S. Nixon, with whom Henry F. Owens, III, and Owens & Associates, Boston, Mass., were on brief, for plaintiffs.

Before CAMPBELL and TORRUELLA, Circuit Judges, and POLLAK,* Senior District Judge.

TORRUELLA, Circuit Judge.

This appeal arises out of a complaint brought by a private citizen, Francisco Cabral, and his wife, María Cabral, against two police officers, William Sullivan and Donald Breault. A jury returned a verdict in favor of both officers, and plaintiffs presented a motion for a new trial on the ground that all of the ten jurors impanelled had been allowed to deliberate in contravention of Rule 47 of the Federal Rules of Civil Procedure and Local Rule 48.1 [1] of the United States District Court for the District of Massachusetts. The district court granted the motion as to officer Sullivan, but denied the motion as to officer Breault. 757 F.Supp. 107. We affirm in part and reverse in part.

### FACTS

On September 2, 1984, police officers William Sullivan and Donald Breault were called to investigate a motor vehicle accident which had occurred in the area of Morgan and Ridge streets in Fall River, Massachusetts, at approximately 12:45 a.m. In the area where this automobile accident took place members of the Portuguese community in Fall River had assembled to construct floats for the Labor Day parade which was to take place the next Monday. Among these individuals was Francisco Cabral, who was in charge of organizing the parade.[2]

The facts concerning the encounter between officers Sullivan and Breault and

---

* Of the Eastern District of Pennsylvania, sitting by designation.

1. At the time of the trial itself, Local Rule 48.1 was numbered Local Rule 23. The rules have since been renumbered and, as there is no sub-stantive change in the rule, the present numbering is followed for clarity.

2. Officers Sullivan and Breault had already visited the scene because of complaints for noise.

Mr. Cabral were strongly disputed. The officers alleged that Mr. Cabral was enticing the crowd against them and interfering with their investigation of the accident. They claim that they proceeded to arrest Mr. Cabral, but after he was handcuffed he resisted, and kicked officer Sullivan, who responded by striking Mr. Cabral on the head with his nightstick. Mr. Cabral, on the other hand, claimed that officer Sullivan struck him without provocation before placing him under arrest.

Mr. Cabral, and his wife, sued both officers under 42 U.S.C. § 1983. They alleged that officer Sullivan arrested Mr. Cabral without cause, used excessive force in effecting the arrest, and denied him medical care after the arrest. They also alleged that officer Breault failed to take reasonable steps to protect Mr. Cabral from officer Sullivan's violations of his civil rights.

The case was scheduled for trial, and the court proceeded to empanel a jury. It is the routine practice of a session of the District Court of Massachusetts, in compliance with Local Rule 48.1, to empanel ten jurors in each civil case and secure the agreement of counsel at the outset of the case to permit the four alternates to deliberate with the regular six-person jury.

At the close of the trial, contrary to convention, the court charged the jury without making any reference to the selection of alternates or their role once deliberations commenced. Plaintiffs' counsel took no objection to the charge in this regard. Thereupon all ten jurors were sent to the jury room to commence their deliberations. Just as soon as the door to the jury room closed behind them, plaintiffs' counsel inquired concerning the court's intent to select four alternates. Believing in good faith that the matter had been covered during the final pretrial conference and confirmed on the record during empanelment, the district court stated that since both counsel had agreed to a jury of ten persons, it would allow all ten jurors to deliberate. Plaintiffs' counsel objected, but was overruled.

That afternoon, the district court decided to check the trial record for an express

agreement by both counsel to the jury of ten persons, but no agreement was found. The courtroom deputy clerk, on her own initiative, had delayed the jury deliberations until the judge's return from lunch that afternoon in case it was found that there indeed had been no agreement by counsel. Nevertheless, the district court concluded that no prejudice could inure to any party and gave directions that deliberations commence.

The jury returned a verdict in favor of the officers. On a counter-claim brought by officer Sullivan against Mr. Cabral, the jury found for Mr. Cabral.

Plaintiffs filed a motion for a new trial on the ground that all of the ten jurors impanelled had been allowed to deliberate in violation of Rule 47 of the Federal Rules of Civil Procedure and of Local Rule 48.1 of the United States District Court for the District of Massachusetts. Pursuant to a harmless error analysis, the district court denied the motion as to defendant Donald Breault, but granted the motion as to defendant William Sullivan. The court then invited the parties to appeal on this issue, although its order was interlocutory in nature. We granted the appeal.

Officer Sullivan appeals the grant of the motion for a new trial absent a showing of prejudice by the court's actions. And plaintiffs appeal the denial of the motion for a new trial as to officer Breault, in light of the clear violation of Local Rule 48.1.

## LEGAL ANALYSIS

Local Rule 48.1 of the District Court for the District of Massachusetts provides that:

> In all cases, the jury shall consist of six (6) persons, unless before a verdict is returned the parties or their respective counsel stipulate *in writing or on the record* with the approval of the court that a verdict may be returned by a jury of fewer or more than six (6) persons.

(Emphasis added). Federal Rule of Civil Procedure 47 mandates as follows:

(b) **Alternate Jurors.** The court may direct that not more than six jurors in

addition to the regular jury be called and impanelled to sit as alternate jurors. Alternate jurors in the order in which they are called shall replace jurors who, prior to the time the jury retires to consider its verdict, become or are found to be unable or disqualified to perform their duties. Alternate jurors shall be drawn in the same manner, shall have the same qualifications, shall be subject to the same examination and challenges, shall take the same oath, and shall have the same functions, powers, facilities, and privileges as the regular jurors. *An alternate juror who does not replace a regular juror shall be discharged after the jury retires to consider its verdict.*

(Emphasis added).

Plaintiffs–Appellants submit that the district court violated both Local Rule 48.1 and Rule 47 when it allowed all ten impanelled jurors to deliberate because there was neither a stipulation nor an agreement on the part of counsel that the case be decided by both the six regular jurors and the four alternates. We agree.

 The language of both Local Rule 48.1 and Rule 47 clearly indicates that a district court has no discretion to allow alternate jurors to deliberate with the regular jurors, absent the consent of the parties. Both rules are written in compulsory language, allowing no room for judicial expansion. Thus, where a district court allows alternate jurors to deliberate with the regular jurors over the objection of counsel, as in the case presently before us, it constitutes clear error warranting a new trial.

Our view of this issue is supported by the law of several circuits. The Fourth Circuit has unambiguously stated that alternate jurors may not sit in jury deliberations. *Kuykendall v. Southern Ry. Co.,* 652 F.2d 391, 392 (4th Cir.1981).[3] *See also United States v. Chatman,* 584 F.2d 1358 (4th Cir.1978); and *United States v. Virginia Erection Corp.,* 335 F.2d 868 (4th Cir. 1964). The Second Circuit interpreted the provision of Rule 24(c), to the effect that an alternate juror who does not replace a regular juror "shall be discharged after the jury retires to consider its verdict," as a mandatory requirement. *United States v. Hayutin,* 398 F.2d 944, 950 (2d Cir.), *cert. denied,* 393 U.S. 961, 89 S.Ct. 400, 21 L.Ed.2d 374 (1968).[4] *See also United States v. Mahler,* 579 F.2d 730, 737 (2d Cir.), *cert. denied,* 439 U.S. 872, 99 S.Ct. 205, 58 L.Ed.2d 184 (1978). The Ninth Circuit has also concurred with the Second and Fourth Circuits in holding that

[w]hen, as here, an alternate juror is permitted to participate in the jury's deliberations after the original jury has retired for deliberations, the violation of the plain prohibition of the Rule is so patently impermissible that the 'possibility of prejudice,' in the language of *Allison,* is manifest.

*United States v. Lamb,* 529 F.2d 1153, 1156 n. 3 (9th Cir.1975).[5] *See also United*

---

**3.** Though most cases where this issue has been raised implicate Rule 24(c) of the Federal Rules of Criminal Procedure, *Kuykendall* expressly finds that the same reasoning applies to cases arising in the civil context. *Kuykendall,* 652 F.2d at 393. We agree with this reasoning, especially since Rule 24(c) of the Federal Rules of Criminal Procedure and Rule 47 of the Federal Rules of Civil Procedure literally read the same. We do not believe the drafters meant for any variations in the interpretation of these two rules. *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2484 at 475–77 (1971).

**4.** In *Hayutin* the court did not find that a violation of Rule 24(c) is, *ipso facto,* such prejudicial error as to require reversal in all circumstances. There, since the alternates and the regular jurors were kept apart during the entire jury deliberations, and the regular jurors were in no way influenced by the alternate jurors, the court found that there was no possibility of prejudice. *Hayutin,* 398 F.2d at 950.

**5.** In *United States v. Allison,* 481 F.2d 468 (5th Cir.), *cert. denied,* 416 U.S. 982, 94 S.Ct. 2383, 40 L.Ed.2d 759 (1974), the court wrote:

The provision of Rule 24(c) that an alternate juror who does not replace a regular juror "shall be discharged after the jury retires to consider its verdict" is a mandatory requirement that should be scrupulously followed. Because any benefit to be derived from deviating from the Rule is unclear and the possibility of prejudice so great, it is foolhardy to depart from the explicit command of Rule 24. Moreover, there is no rule providing that the parties, or the district court, may stipulate that an alternate be present during the jury's deliberations.

States v. Olano, 934 F.2d 1425, 1439 (9th Cir.1991); and *Leser v. United States,* 358 F.2d 313 (9th Cir.), *cert. denied,* 385 U.S. 802, 87 S.Ct. 10, 17 L.Ed.2d 49 (1966).

Furthermore, the Tenth Circuit has directed that "[o]nce the prescribed number of jurors becomes 'the jury,' then, and immediately, any other persons are strangers to its proceedings. Their presence destroys the sanctity of the jury and a mistrial is necessary." *United States v. Beasley,* 464 F.2d 468, 470 (10th Cir.1972), *cert. denied,* 416 U.S. 941, 94 S.Ct. 1946, 40 L.Ed.2d 292 (1974).[6] The First Circuit has followed this reasoning in dicta. In *United States v. Levesque,* 681 F.2d 75 (1st Cir.), *cert. denied,* 459 U.S. 1089, 103 S.Ct. 574, 74 L.Ed.2d 936 (1982), we stated that converting the wrong alternate juror into a regular juror and allowing that alternate juror to deliberate did not violate the substantial rights of the defendant. "Not every violation of Rule 24(c) requires reversal. Reversal is in order only where the irregularity affects substantial rights, Fed. R.Crim.P. 52." *Levesque,* 681 F.2d at 80. Moreover, we stated, "defects of less than a fundamental nature will be overlooked if they were not called to the court's attention in a timely manner." *Id.* We went on in *dicta* to say that the circumstances were not equivalent to permitting an additional person to deliberate "thus destroying the sanctity of the jury." *Id.* at 81 (citing *Beasley,* 464 F.2d at 470). We adopt this principle now.

When a trial court allows an additional person, in this case an alternate juror, to deliberate with the regular jurors over the objection of counsel, an inherently prejudicial error is committed, and the substantial rights of the parties are violated. Accordingly, a new trial is necessary to insure all parties a fair trial. Here, since there was no stipulation to the contrary, there is no question that the jury selected was to be made up of six regular jurors and four

alternate jurors. There is also no question that counsel did not agree, in writing or by stipulation on the record, to allow all ten jurors to deliberate, as required by both Local Rule 48.1 and Rule 47. Moreover, counsel for the plaintiff raised a timely objection to allowing all jurors to deliberate. Hence there is no question that plain error was committed. Thus a new trial should be granted as to defendant Breault, and for the same reasons, the grant of the motion for a new trial as to defendant Sullivan must be affirmed.

■ Defendant–Appellant Sullivan argues that plaintiffs should be deemed to have implicitly agreed to a ten member jury because of their active participation in an impanelling proceeding, the purpose of which was the impanelling of ten regular jurors. Indeed, Sullivan argues, plaintiffs took advantage of this type of jury, by exercising more peremptory challenges than otherwise would have been permitted of six regular jurors. He submits that the acquiescence of and participation of counsel for the plaintiffs in the selection of a jury of ten persons should at least result in a waiver of plaintiff's subsequent objection to the jury of ten persons. We disagree.

Local Rule 48.1 of the District Court for the District of Massachusetts clearly states that the jury shall consist of six persons unless counsel stipulate

> **in writing or on the record** with the approval of the court that a verdict may be returned by a jury of fewer or more than six (6) persons.

(Emphasis added). Moreover, Rule 47 of the Federal Rules of Civil Procedure clearly directs as follows:

> An alternate juror who does not replace a regular juror **shall be discharged** after the jury retires to consider its verdict.

(Emphasis added). The language of Local Rule 48.1, as well as the language of Rule 47 leaves no room for a district court to

---

*Allison,* 481 F.2d at 472. *Allison* did not hold that the violation of Rule 24(c) is, *ipso facto,* such prejudicial error as to require reversal in all circumstances. There, one or more alternate jurors were not discharged after the jury retired to deliberate, but it was found that there was no

possibility of any prejudice to the defendant because the alternate juror(s) did not participate in the jury's deliberations in any way.

**6.** The rule implicated in *Beasley* was Rule 24 of the Federal Rules of Criminal Procedure.

exercise its discretion and find an implicit agreement by counsel to allow more or less than six jurors to deliberate. If counsel did not agree in writing or by stipulation on the record, then the district court was without authority to allow the alternate jurors to deliberate. *See United States v. Watson*, 669 F.2d 1374, 1391–92 (11th Cir.1982); *Lamb*, 529 F.2d at 1157; and *Virginia Erection Corp.*, 335 F.2d at 870.

Finally, appellant Sullivan argues that although the district court committed error, it should be deemed to have been harmless. Only the Sixth Circuit has adopted this standard.[7] Most other circuits—namely the Second, Fourth, Fifth, Ninth, Tenth, and Eleventh—agree that reversal is required, at least where an alternate juror actually participates in the jury deliberations without the consent of counsel. We concur. Being that the jury is a fundamental part of our justice system, waiver of the right to jury or to a variation in its constitution should not be taken lightly, and certainly not inferred except by express written agreement or a stipulation on the record by counsel. Thus, the grant of a new trial as to officer Sullivan is affirmed, and the denial of a new trial as to officer Breault is reversed.

*Affirmed in part and reversed in part.*

---

**7.** *See Hanson v. Parkside Surgery Center*, 872 F.2d 745, 749 (6th Cir.), *cert. denied*, 493 U.S. 944, 110 S.Ct. 349, 107 L.Ed.2d 337 (1989).