19 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NORTH STAR YACHTS INTERNATIONAL, INC., a California
Corporation, Plaintiff-Appellee,
v.
DIASHIP, INC., a Florida Corporation, Defendant-Appellant.
 No. 92-55884.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1994.*
Decided March 22, 1994.
 
 Before: TANG, PREGERSON and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 PRIOR PROCEEDINGS
 
 2
 North Star Yachts International, Inc. (North Star) sued Diaship, Inc. (Diaship) and four other defendants for payment of a commission allegedly due for the construction of a yacht. All of the defendants save Diaship were dismissed after the initial discovery. A jury trial commenced on March 17, 1992, and on March 19, 1992, the jury returned a verdict for North Star in the amount of $200,000.00. Thereafter, the court entered judgment for $200,000.00, plus pre- and post-judgment interest and costs.
 
 
 3
 On or about May 1, 1992, Diaship moved for a new trial, alleging that it was error for the court to permit the "alternate" juror to participate in deliberations. One month later the court denied Diaship's motion, explaining that the inclusion of that juror was not error because it was mandated by Rules 47(c) and 48 of the Federal Rules of Civil Procedure; the court also found that Diaship had not been prejudiced. On July 1, 1992, Diaship initiated this appeal. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 FACTS
 
 4
 During pre-trial proceedings, on March 16, 1992, the court asked counsel the number of jurors and alternates they desired. In the midst of a colloquy regarding the local "custom" governing whether alternates participated in deliberation, an "unidentified speaker," later identified as the courtroom deputy, interjected that "the rules changed on December 1," to which the court replied, "Better check on that. My courtroom deputy who flies all over the country attending these conferences says that the rules have changed--that I don't excuse the alternate. The alternate stays in there, but it stays a unanimous verdict. So, you may not want two of them because you've got to get a unanimous verdict of eight instead of only six." Further colloquy ensued, at the end of which the court explained, "It was until I was told that the rules apparently changed on December 1, so we're talking very recent rule changes." Counsel for Diaship then inquired, "New local rules for this court?", opposing counsel responded, "No, the Federal--", Diaship's counsel added, "This is our first trial this year," and the court then concluded, "All right. I will be bound by the decision of both sides. If you both want to excuse the alternate at that, we'll just go with the six." North Star's counsel began, "I believe that's our--," but the court went on: "But I want to make sure that you're not going to use that as a basis for appeal...." Diaship's counsel then offered: "I think our stipulation is as follows: We will have seven jurors--one will be an alternate. When it comes to deliberation, only the six regular jurors will decide the case unless something happens." Counsel for North Star then agreed, and the court concluded, "Then, that'll be the direction of this Court."
 
 
 5
 The issue next arose immediately before the exercise of the peremptory challenges, when the court explained,
 
 
 6
 By the way, I've had a chance to review the rules that my clerk of the court talked about. And those rules, if you follow them, have said that the alternate gets to serve in the jury. But you both agreed that you didn't want the alternate to serve and you want a verdict from six jurors. Is that my understanding?
 
 
 7
 Counsel for North Star confirmed the court's understanding, and Diaship expressed no disagreement.
 
 
 8
 The issue again arose when the court was instructing the jury and said,
 
 
 9
 Originally, it had been understood even by the Court that we would excuse one of the six--one of the seven of you because one of you was supposed to be selected as an alternate, but the rules are very clear right now that all seven will go into the jury deliberation room and will bring about the unanimous verdict of seven persons.
 
 
 10
 There's only way I can excuse a person--is if I can find, under Rule 47(c), "The Court may for good cause excuse a juror from service during trial or deliberation." And I cannot find any good cause and therefore I will send, contrary to stipulation, and I'll do so over the objection of any party who wishes to waive that in the absence of the jury, that all seven of you will go into the jury room for deliberation.
 
 
 11
 After the jury retired, the court explained to counsel: "All right, Counsel, it may have surprised you about the seven jurors, but they sent me a memo, and this is the way apparently--it's the wave of the future." Counsel for North Star replied, "Your Honor, just for the record, I would lodge our objection that this was done over a stipulation of both parties to the trial, and for the record we object." Diaship's counsel joined in, "Me, too." Finally, the court: "Okay. I suppose stipulations are only to bind the two parties and, until the Court accepts the stipulation, I find that it would not be binding upon me, but I'd better stick by the rules that have just been changed."
 
 DISCUSSION
 
 12
 Having lost with the jury and on its motion for new trial, Diaship brings this appeal. Its argument is predictable yet presumptuous: that the stipulation should, in effect, trump the governing federal rule. It is an uphill argument that Diaship simply cannot make.
 
 
 13
 We agree with this much of Diaship's argument: that the parties entered a stipulation that just six jurors would deliberate, and that the court said it would be bound by the stipulation. The court's later remark that it had yet to accept the stipulation is baffling. But the court's decision not to abide by the stipulation is not baffling but entirely proper. The stipulation was, in short, not an option. Rule 48 of the Federal Rules of Civil Procedure, as amended December 1, 1991, directly contravenes the stipulation:
 
 
 14
 The court shall seat a jury of not fewer than six and not more than twelve members and all jurors shall participate in the verdict unless excused from service by the court pursuant to Rule 47(c) [excusal for good cause]. Unless the parties otherwise stipulate, (1) the verdict shall be unanimous and (2) no verdict shall be taken from a jury reduced in size to fewer than six members.
 
 
 15
 The language of the amended Rule obliges the court: "all jurors shall participate." The Rule specifically allows stipulations as to certain matters; none is allowed for an "alternate juror." Lest there be any doubt that the 1991 changes were meant completely to do away with the regime of "alternate jurors," the Advisory Committee Notes to Rule 47, Subdivision (b) instruct, "The former provision for alternate jurors is stricken and the institution of the alternate juror abolished."
 
 
 16
 Diaship's protestation that the stipulation mirrored the provision of the unamended Rules is misplaced. At the time of the events in question, the amendment had been in effect for more than three months. The amended Rule was not just, as the court opined, "the wave of the future," but the pool in which federal judges and litigants already were to be swimming. The amended Rule governed, and Diaship has cited no authority, nor does any appear, holding that parties can stipulate to violate a governing rule of federal procedure. In general, a court is not bound by stipulations as to law ( see Dimidowich v. Bell & Howell, 803 F.2d 1473, 1477 n. 1 (9th Cir.1986) (Fletcher, J.), as amended, 810 F.2d 1517 (1987); Avila v. I.N.S., 731 F.2d 616, 620-21 (9th Cir.1984) (Ferguson, J.)), and as for the Federal Rules: "adherence to established mandatory rules is necessary in the absence of a stipulation, where permitted, authorizing the departure" ( Kuykendall v. Southern Ry. Co., 652 F.2d 391, 392 (4th Cir.1981) (emphasis added)). Rule 1 of the Federal Rules of Civil Procedure itself states, "These rules govern the procedure in the United States district courts in all suits of a civil nature."
 
 
 17
 While the court at first encouraged the stipulation, it was proper for the court to adhere to the Rule when it came to understand it. We note, finally, that when the court decided not to adhere to the stipulation, counsel for both sides had been on notice for at least three days (March 16-18) that an amended federal rule governed.
 
 
 18
 The only other issue we must consider is whether, as Diaship argues, the court's decision to adhere to Rule 48 rather than the stipulation impaired Diaship's exercise of its peremptory challenges. Diaship makes much of the fact that it waived its third peremptory challenge with respect to the first six jurors, but it is hard to see how this eventuates in error. The court adhered to the agreement that had been reached as to the number of peremptories the parties would have, giving three to each side for the first six jurors, and one to each side for the seventh--an agreement that gave each party more peremptories than required by statute (see 28 U.S.C. 1870; Fed.R.Civ.P. 47(b)). Both sides exercised their peremptories as agreed, without interference and without objecting. No juror deliberated whom the parties did not have an opportunity to strike with a peremptory. True, a juror whom the parties expected to deliberate only if another juror were excused deliberated without another's having been excused, but such a turn of events, which resulted from the court's decision to follow the Federal Rules of Civil Procedure, does not state an error. Cf. United States v. Christoffel, 952 F.2d 1086, 1088 (9th Cir.1991) (Goodwin, J.), cert. denied, 112 S.Ct. 1700 (1992) (right to peremptory challenges not restricted where prosecution and defense used all peremptories, only eleven jurors remained, another juror was selected and was not a candidate for a peremptory, and defense made no attempt, and showed no desire, to strike the twelfth juror). This is not a case in which the parties lacked notice of the system to be followed. Cf. United States v. Turner, 558 F.2d 535, 538 (9th Cir.1977) (Hufstedler, J.).
 
 CONCLUSION
 
 19
 Because we conclude that the court properly adhered to the amended, governing rule of procedure, and that its doing so did not interfere with Diaship's exercise of its peremptory challenges, the judgment of the district court must be AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3